```
                                           ____FILED    ____ENTERED
                                           ____LODGED   ____RECEIVED

                                              DEC 16 1999
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

LOUIS V. GABALDONI, M.D.          :
                                  :
    v.                            :   CIVIL NO. L-98-1094
                                  :
THE WASHINGTON COUNTY             :
   HOSPITAL ASSOCIATION, et al.   :
                                  :

MEMORANDUM

Before the Court are several discovery matters, including the plaintiff's Motion to Compel and the defendants' October 13, 1999 <u>in camera</u> submissions. Regarding the <u>in-camera</u> submissions, the plaintiff seeks to compel production of particular documents which the defendants claim are protected by the work-product doctrine and/or attorney-client privilege. The Court is also in receipt of a letter dated October 15, 1999, from counsel for the plaintiff complaining that the defendants have failed to submit for review all the documents covered by this Court's Order of October 5, 1999. These issues will be examined in turn.

I.  *Plaintiff's Motion to Compel*

The plaintiff seeks to compel production of Antietam Health Services, Inc.'s ("Antietam's") financial records. As a preliminary matter, the Court notes that the plaintiff's Motion is procedurally deficient, as it fails to comply with Local Rule 104.8 (D. Md. 1999). The plaintiff is admonished to adhere to the Local Rules in the future. Nevertheless, the Court deems it

more efficient to address the merits of the plaintiff's Motion, rather than wait for the plaintiff to refile his motion properly.

The plaintiff is not specific in his motion as to which financial records he seeks to compel. As discussed at a telephone conference on October 1, 1999, however, Defendant Antietam was to produce all financial information concerning Dr. Gabaldoni's practice and other Antietam OB/GYN practices. This appears to duplicate the information requested by plaintiff's document requests nos. 19 and 20. Defendants were also to produce all information they possess concerning the financial relationship between the Washington County Hospital Association (WCHA) and Antietam. The Court further ruled that Antietam's general financial records, as sought in Plaintiff's document request no. 1, are not discoverable. Its opinion on these matters is unchanged. Therefore, the Court will, by separate Order, grant the Plaintiff's Motion to Compel only as to Plaintiff's document requests nos. 19 and 20 and the financial relationship between WCHA and Antietam. The Court will deny the motion as to Antietam's general financial records.

In its opposition memorandum, Antietam states that it has produced all documents responsive to requests 19 and 20. The defendants are therefore to verify that all such responsive documents have in fact been produced to the plaintiff, and are to write a letter to the plaintiff to this effect. A copy is to be

sent to the Court. The defendants are also to produce to the plaintiff any further documents containing financial information regarding the relationship between Antietam and WCHA.

II. *In-Camera* Submissions

A. *Minutes of Executive Committee Sessions (Exhs. 1-5)*

The plaintiff seeks to compel redacted portions of minutes of Executive Committee and Board of Trustees Executive Session meetings. The defendants claim the redacted sections are protected by attorney-client privilege. They argue that the privilege arises because the redacted sections record communications between Mr. Michael Schaefer, the general counsel for Defendant Washington County Hospital Association (WCHA), and the two Boards. When these boards and committees go into executive session, the only people present are board or committee members, Mr. Schaefer, and in some instances the WCHA's corporate secretary. Thus, the discussions at the meetings are confidential.

Communications between in-house counsel and the corporation are protected by attorney-client privilege as long as those communications pertain to legal assistance and are intended to be confidential. See Burlington Indus. v. Exxon Corp., 65 F.R.D. 26, 36-37 (D. Md. 1974). The Court is satisfied that the redacted sections of the minutes are related to Mr. Schaefer's

3

provision of legal assistance to the WCHA and are therefore protected by attorney-client privilege.

B.  *Work-Product Claims (Exhs. 6-9)*

The defendants have also submitted for review a set of documents which they claim are protected by the work-product doctrine. Exhibits 6 and 7 are agendas from committee meetings concerning internal appeals by Plaintiff Gabaldoni and lists of the documents reviewed at these meetings. They were prepared by Mr. Schaefer. Exhibit 8 is an attachment to the minutes of the WCHA's October 25, 1995 meeting concerning an earlier grievance regarding the plaintiff. It too was prepared by Mr. Schaefer. Exhibit 9 are pages from a handout distributed at the April 25, 1996 Board meeting, also prepared by Mr. Schaefer.

In order to invoke the work-product doctrine under Fed. R. Civ. P. 26(b)(3), the material must be "prepared because of the prospect of litigation.... [M]aterials prepared in the ordinary course of business ... or for other non-litigation purposes are not documents prepared in anticipation of litigation within the meaning of Rule 26(b)(3)." National Union Fire Ins. Co. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 984 (4th Cir. 1992). The burden of proof is on the party asserting the doctrine, in this case the defendants. See, e.g., Pete Rinaldi's Fast Foods Inc. v. Great American Ins. Cos., 123 F.R.D. 198, 201 (M.D.N.C. 1988).

4

The defendants have not established that exhibits 6 - 9 were prepared in anticipation of litigation. Exhibit 8 was prepared for a grievance against the plaintiff that pre-dated this litigation, and the defendants have not presented any evidence to show any other litigation was pending or anticipated at the time. Likewise, although exhibit 9 was created after this dispute regarding the plaintiff's re-credentialing began, there is no evidence it was prepared for litigation purposes. Rather, the meeting at which the handout was distributed was apparently a routine review of a grievance lodged against Dr. Gabaldoni.

Exhibits 6 and 7, the agendas of meetings from July 1996, concern the plaintiff's appeal of his termination. Protection of these documents is a somewhat closer question, because the prospect of litigation may have been looming at the time. Although the defendants have not pointed to any specific evidence in support of this notion, the minutes of the meetings mention the Board rejecting an "offer" made by an attorney representing Dr. Gabaldoni. (see Exh. 3B). Nevertheless, the defendants have made no showing as to why these documents should be considered to have been prepared in anticipation of litigation, rather than as part of a normal internal grievance procedure. Therefore, they are not protected by the work-product doctrine. The Court will, by separate Order, direct the defendants to produce these documents.

*III. The Plaintiff's Concerns*

*A.  Incomplete Submissions*

The defendants have interpreted this Court's Order of October 8, 1999 as requiring the submission for <u>in camera</u> review of only the minutes and handouts discussed above.  In his letter of October 15, 1999, the plaintiff correctly argues that the Order required the submission for <u>in camera</u> review of all correspondence between Mr. Schaefer and WCHA.  The Court will, by separate Order, therefore direct the defendants to submit these documents to the Court for review.

The plaintiff also seeks production of communications between WCHA and the Medical Staff's counsel, which the defendants claim are privileged.  The argument revolves around whether Dr. Gabaldoni and the Medical Staff were adversaries during the hearing process, or if Dr. Gabaldoni, as a then-member of the Medical Staff, is entitled to the communications.  Since these documents were not mentioned in the plaintiff's original Motion to Compel, or at the October 1 telephone conference, the Court lacks a sufficient understanding of the factual background to determine whether a privilege applies.  Therefore, the Court will, by separate Order, direct Defendants to submit these documents to the Court for <u>in camera</u> review, and direct both parties to provide the Court with memoranda explaining their positions on the issue of privilege for these documents.

6

*B.  Other Matters*

The plaintiff complains he has not received from the defendants several handouts and attachments from Board meetings. The defendants assert they have produced these documents. The Court will therefore, by separate Order, direct Defendants to identify for the plaintiff in writing and with specificity the handouts and attachments mentioned in the April 25, 1996 Board meeting minutes and the May 20, 1996 Executive Committee minutes. A copy of this explanation is to be sent to the Court.

Finally, there appears to be confusion over a May 15, 1996 memorandum and a May 24, 1996 letter. Defendants assert they have produced these documents, but the plaintiff states that they are still listed on Defendant WCHA's privilege log. The Court therefore instructs the plaintiff to verify whether he has received these documents, and instructs the defendants to verify the accuracy of their privilege log. If after further investigation, the defendants determine that they are indeed asserting privilege for these documents, they are to submit the documents to the Court for <u>in camera</u> review.

*IV.  Scheduling Matters*

The Court is in receipt of the defendants' Motion for Summary Judgment, filed November 22, 1999. Briefing of this Motion is to continue as scheduled. If, at the conclusion of all <u>in camera</u> review, either party wishes to supplement its

memoranda, it will have leave to do so. In this event, the parties are to submit to the Court a proposed schedule for submission of supplemental memoranda. If neither party wishes to supplement their memoranda, the parties are jointly to so inform the Court.

Dated this 14 day of December, 1999.

_____
Benson Everett Legg
United States District Judge