IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LOUIS V. GABALDONI, M.D.          :
                                  :
     v.                           : CIVIL NO. L-98-1094
                                  :
THE WASHINGTON COUNTY             :
   HOSPITAL ASSOCIATION, et al.   :
                                  :

ORDER

For the reasons stated in a Memorandum of even date, the Court hereby ORDERS that:

(i)   the plaintiff's Motion to Compel is GRANTED as to financial information concerning the relationship between WCHA and Antietam, and as to the plaintiff's document requests no. 19 and 20. The Motion is DENIED as to Antietam's general financial records. Within fourteen (14) days from the date of this Order, the defendants are to produce any additional documents and/or a letter to the plaintiff stating all discoverable documents have been produced. A copy of any letter is to be sent to the Court;

(ii)  the defendants are to produce to the plaintiff the documents labeled as exhibits 6, 7, 8, and 9 in their submission of October 13, 1999;

(iii) the defendants are to submit to the Court for _in camera_ review all remaining correspondence between Mr.

        Schaefer and WCHA for which they assert privilege. The defendants are also to submit the authority under which they assert attorney-client privilege and/or work-product doctrine protection;

(iv) the defendants are to submit to the Court for <u>in camera</u> review communications between WCHA and the Medical Staff's counsel which they assert are privileged. They are also to submit a memorandum explaining the basis for their assertion of privilege;

(v) the plaintiff is to submit a reply memorandum addressing the defendants' assertion of privilege for the communications between WCHA and the Medical Staff's counsel. The reply memorandum is to be filed ten (10) days after the defendants have filed their memorandum;

(vi) the defendants will identify for the plaintiff in writing and with specificity the handouts and attachments mentioned in the April 25, 1996 Board meeting minutes and the May 20, 1996 Executive Committee minutes, as described in Plaintiff's counsel's letter of October 15, 1999. A copy of this identification will be sent to the Court;

(vii) both parties will determine whether the defendants have in fact produced to the plaintiff the May 15, 1996 memorandum and the May 24, 1996 letter. If they have not, and the defendants are asserting that these

        documents are protected by privilege, the defendants will submit the documents to the Court for <u>in camera</u> review;

(viii)    all documents mentioned in this Order subject to <u>in camera</u> review will be submitted to the Court no later than fourteen (14) days from the date of this Order;

(ix)    if, at the conclusion of all <u>in camera</u> review, either party wishes to supplement its memoranda regarding the defendants' Motion for Summary Judgment, the parties are jointly to submit a proposed briefing schedule to the Court. If no further briefing is required, the parties are to so inform the Court.

IT IS SO ORDERED this 14th day of December, 1999.

                                                              Benson Everett Legg
                                                              United States District Judge