FILED _____ ENTERED
_____ RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FEB 1 1 2000

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

LOUIS V. GABALDONI, M.D.          :

                                  :

    v.                            : CIVIL NO. L-98-1094

                                  :

THE WASHINGTON COUNTY             :
    HOSPITAL ASSOCIATION, et al.  :

ORDER

Before the Court is the defendants' Renewed Motion to
Compel.  The defendants seek production of the plaintiff's
personal notes, which he asserts are privileged.  For the
following reasons, the Court DENIES the Motion.

The Court denied without prejudice the defendants' original
Motion to Compel by Order dated August 9, 1999.  At a telephone
conference held October 1, 1999, the Court directed the parties
to reconvene the deposition of Dr. Gabaldoni, for the purpose of
determining the basis for the plaintiff's assertion of privilege.
The Court's Order dated October 5, 1999 confirmed this
instruction.  That Order also extended the discovery deadline
until November 8, 1999, and extended the deadline for submission
of dispositive motions until November 22, 1999.

According to the parties, Dr. Gabaldoni's deposition was
reconvened on November 5, 1999.  Defendants state they were not
satisfied with Dr. Gabaldoni's explanation of his privilege
assertions.  They did not so inform the Court, however.  Instead,

53

they filed a Motion for Summary Judgment on November 22, 1999.
They did not file their renewed Motion to Compel until December
21, 1999: six weeks after the close of discovery, and four weeks
after they had filed their own Motion for Summary Judgment.

The defendants had ample opportunity during the thirty days
following Dr. Gabaldoni's November 5, 1999 deposition to inform
the plaintiff and the Court that they were unsatisfied with Dr.
Gabaldoni's response. This is the normal procedure required by
Local Rule 104.8 (D. Md. 1999). The defendants have failed to
timely inform the Court. Furthermore, aside from stating they
did not receive a transcript of the deposition until November 18,
the defendants have provided no explanation for their delay.

Finally, the Court urges both parties to review the
requirements of Local Rule 104.8, focusing particularly on the
service requirements of Rule 104.8.a. Under this Rule, the
parties are to serve motions and memoranda on each other, and not
file the Motion and memoranda with the Court until briefing is
complete under Rule 104.8.c. They are, however, to file notices
of service with the Court. In this case, the defendants filed
their Motion and memoranda directly with the Court, prior to
briefing being complete. The plaintiff avoided this mistake, but
failed to file any notice of service with the Court. This is not
the first time in this case the parties have failed to follow
Rule 104.8 (see, e.g., the Court's December 14, 1999 Order). The

2

Court expects that the parties will adhere to the Local Rules in the future.

For the aforementioned reasons, the Court ORDERS that:

(i)  Defendants' Renewed Motion to Compel (docket no. 44) is DENIED.

IT IS SO ORDERED this 10th day of February, 2000.

Benson Everett Legg
United States District Judge