IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LOUIS V. GABALDONI,

    Plaintiff

    vs.                                            Civil Action No. L-98-1094

THE WASHINGTON COUNTY
HOSPITAL ASSOC., et al.,
    Defendants

oOo

## ORDER

Summary judgment was entered on behalf of Defendants on August 11, 2000. That decision was affirmed by the United States Court of Appeals for the Fourth Circuit on May 17, 2001. Currently pending is a Bill of Costs seeking $6,094.70 filed by Defendant Washington County Hospital Assoc. The Clerk has reviewed the Bill of Costs and Opposition thereto and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md.).

Defendant seeks $6,011.45 for the costs of deposition transcripts. The Court may tax the costs of transcripts under 28 U.S.C. §1920(2) where they are necessary for the case. *See Crawford v. Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987). While the court may allow a transcription expense if the making of the transcript was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of the depositions of trial witnesses. A number of the deposition transcripts for which Defendant is seeking costs were not relied upon by the Defendant



in seeking summary judgment, i.e., those of John Latimer, Betty Roney, Michael Zampelli, and the April 17, 2000 deposition of Lois Harrison. Their costs will not be allowed. The costs of the transcripts of Plaintiff's depositions and those which were relied upon in seeking summary judgment will be allowed in part as is set forth in the table below.

| DEPONENT | AMOUNT SOUGHT | AMOUNT OF UN-ALLOWED COSTS[1] | NO. OF PAGES | RATE SOUGHT PER PAGE | RATE ALLOWED PER PAGE[2] | AMOUNT ALLOWED |
|---|---|---|---|---|---|---|
| Louis Gabaldoni (5-5-99) | 808.25 | 21.00 | 235 | 3.35 | 3.35 | 787.25 |
| Louis Gabaldoni (6-7-99) | 479.95 | 21.00 | 137 | 3.35 | 3.35 | 458.95 |
| Richard Phoebus & Robert Brooks | 528.00 | 0 | 259 | 2.04[3] | 1.25 | 323.75 |

---

[1]Costs attributable to extra copies, copies of exhibits, shipping, etc. are not allowed.

[2]Unless the Court has determined in advance that a higher rate shall apply or the parties have agreed to a higher rate, the maximum amounts the Clerk will tax is:

| | |
|---|---|
| Ordinary transcript - original: | $3.50 per page |
| Expedited transcript - original: | $4.50 per page |
| Daily transcript - original: | $5.50 per page |
| Copy of transcript: | $1.25 per page |

If the actual page rate is lower than the maximum allowable rate, costs will be taxed at that rate.

[3]Where the deposition invoices list the total cost and number of pages but not the per page cost, the per page cost has been estimated.

2

| | | | | | | |
|---|---|---|---|---|---|---|
| William Plavcan | 664.40 | 291.87[4] | 176 | 2.115 | 1.25 | 220 |
| Douglas Moul | 342.60 | 21.00 | 96 | 3.35 | 3.35 | 321.60 |
| Lois Harrison | 432.00 | 198.85[5] | 114 | 2.05 | 1.25 | 142.50 |
| H. W. Murphy | 521.40 | 0 | 232 | 2.25 | 1.25 | 290 |
| Jay Greenburg | 462.00 | 0 | 205 | 2.25 | 1.25 | 256.25 |
| Richard Hackett | 287.10 | 0 | 118 | 2.43 | 1.25 | 147.5 |
| John McElwee | 294.30 | 0 | 139 | 2.12 | 1.25 | 173.75 |
| Louis Gabaldoni (11-5-99) | 429.70 | 21.00 | 122 | 3.35 | 3.35 | 408.7 |
| **TOTALS** | | | | | | 3530.25 |

Defendant also seeks witness fees of $63.25 paid to Mr. Moul. This amount includes the $40.00 statutory witness fee and mileage of $23.25. As the cost of Mr. Moul's deposition has been allowed, this amount is also allowed.

Finally, Defendant seeks the statutory attorney's docket fee of $20.00. This amount is recoverable under 28 U.S.C. § 1923(a).

SUMMARY

Defendant will be allowed costs of $3,530.25 for depositions, $63.25 for witness fees and

---

[4] The total cost on the deposition invoice includes the costs of copies of depositions of both Dr. Plavcan and John Latimar. As Mr. Latimar's deposition was not used in seeking summary judgment, the portion of the cost attributable to his deposition is not allowed.

[5] The total cost on the deposition invoice includes the costs of copies of depositions of both Ms. Harrison and Betty Roney. As Ms. Roney's deposition was not used in seeking summary jdugment, the portionof the cost attributable to her deposition is not allowed.

$20.00 for attorney docket fees. All other costs are disallowed.

CONCLUSION

In accordance with the foregoing, Defendant is hereby awarded costs of $3,613.50.

A party may seek review of this decision as is provided for in Fed. R. Civ. P. 54(d)(1).

The Clerk is directed to docket this Order and mail copies to all counsel of record.

DATED this 6th day of June 2001.

_____
Felicia C. Cannon
Clerk
United States District Court